**IN THE UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION**

| | |
|---|---|
| WEBSOCK GLOBAL STRATEGIES LLC,<br>Plaintiff,<br>v.<br>PEEKLOGIC LLC,<br>Defendant. | No.: 7:26-cv-129 |

**DEFENDANT'S OPENING CLAIM COSTRUCTION BRIEF**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant Peeklogic, LLC, by and through its undersigned counsel, and files this Claim Construction Brief

## I. INTRODUCTION

The purpose of claim construction is to determine the legal meaning of terms which are in dispute, because no terms are in dispute in the instant matter, the Court need may fulfill its duties by simply adopting the plain and ordinary meaning of all terms, absent taking part in construction, and adopt the agreed construction of the single term that the parties believe requires construction.

## II. STATEMENT OF FACTS

Plaintiff has brought suit on April 6, 2026, and later amended its complaint on June 3, 2026. The complaint is based on the '983 patent,[1] which was filed on April 24, 2008 by OUTHINK Inc. The patent expired on January 8, 2023. On May 16, 2023, the patent was assigned to WebSock. Shortly after acquiring the patent Websock filed a large number of form complaints against various accused infringers. *See, e.g.*, Complaint for Patent Infringement, *WebSock Global Strategies LLC v. TaskUs*, No. 7:25-cv-00243 (ECF Doc. No. 10), 2025 WL 3228698 (W.D.Tex. May 22, 2025); Complaint for Patent Infringement, *WebSock Global Strategies LLC v. Stirista, LLC*, No. 7:25-cv-00242 (ECF Doc. No. 1), 2025 WL 3228696 (W.D.Tex. May 22, 2025).

It does not appear that these cases have progressed to the point where any court has construed the claim terms or parties have briefed on construction. *See, e.g.*, Notice of Voluntary Dismissal, *WebSock Global Strategies LLC v. Stirista, LLC*, No. 7:25-cv-00242 (ECF Doc. No. 23) (W.D.Tex. Dec. 4, 2025); Notice of Voluntary Dismissal, *WebSock Global Strategies LLC v. Akamai Technologies, Inc., LLC* 6:24-cv-00256 (ECF Doc. No. 9) (W.D.Tex. Jun. 9, 2025).[2]

The complaint focuses on a single claim, namely claim 21:

> Claim 21. A method of computer network node communication comprising:
> [1] initially establishing a first asymmetric hypertext transfer protocol (HTTP) transactional session to establish an original network connection, said session being uniquely identifiable, between a first node and a second node, said first node enacting a

---

[1] https://www.westlaw.com/Link/Document/FullText?findType=Y&serNum=2022516385&pubNum=0004074&originatingDoc=If0f102d067ab11ef96aabef0a19bf2e2&refType=PA&docFamilyGuid=Ic49692fd8ea311df9513e5d1d488c847&originationContext=document&vr=3.0&rs=cblt1.0&transitionType=DocumentItem&contextData=(sc.Search)

[2] More than 40 cases have been voluntarily dismissed, many of which were filed in this District. *E.g.*, *WebSock Glob. Strategies LLC v. SonicWall Inc.*, No. 6:23- cv-00749 (W.D. Tex.); *WebSock Glob. Strategies LLC v. Pusher Ltd.*, No. 6:23-cv-00748 (W.D. Tex.); *WebSock Glob. Strategies LLC v. Plivo Inc.*, No. 6:23-cv-00747 (W.D. Tex.); *WebSock Glob. Strategies LLC v. Cloudflare, Inc.*, No. 6:23-cv-00746 (W.D. Tex.); *WebSock Glob. Strategies LLC v. Box, Inc.*, No. 7:25-cv-00338 (W.D. Tex.).

> first transactional role of a client and said second node enacting a second transactional role of a server, said roles comprising either of an HTTP server that relays data and an HTTP client that initiates requests;
> [2] terminating said first asymmetric HTTP transactional session while maintaining an underlying network connection;
> [3] negotiating between said first node and said second node a transactional role reversal, said step of negotiating referencing said original network connection;
> and [4] establishing a second ***asymmetric transactional session***, said session being uniquely identifiable by said URI, said first node enacting said second transactional role and said second node enacting said first transactional role, wherein said uniquely identifiable session uses a network connection traversing hardware enforcing asymmetric communication.

ECF Doc. No. 10-1 at 27 (18:8-18:33).

Defendant filed a motion to dismiss the complaint which has yet to be decided but likewise did not file for a stay and thus litigation continues to progress. ECF Doc. No. 12. On October 21, 2026, Plaintiff emailed Defendants counsel under the subject "*WebSock Global Strategies LLC v. uShip, Inc.*; C.A. No. 7:26-cv-00132 (W.D. Tex.) - Plaintiff's Disclosure of Proposed Terms for Construction" with an attached disclosure of proposed terms for construction. Plaintiff also sent an identical document under an email with a different subject: "*Websock Global Strategies LLC v. Peeklogic LLC* (7:26-cv-129) - Plaintiff's Disclosure of Proposed Constructions." Exs. A-C.

Defendant accepted that the sole term that required construction was "asymmetric transactional session," that all other terms should be interpreted based on their plain and ordinary meaning, and proposed no additional terms for construction. Ex. C. Plaintiff later submitted its proposed construction, and Defendant neither objected to the same nor proposed a different construction. Ex D.

The parties dispute the meaning of no terms and agree on the construction of the sole term that requires construction. In other words, there is no need to undertake a lengthy process of construction. *See generally* Ex C-D.

# III. ARGUMENT

## A. LEGAL PRINCIPLES GOVERNING CLAIM CONSTRUCTION

Claim construction seeks to determine the exact contours and scope of a patents terms, because "the claims of a patent define the invention to which the patentee is entitled the right to exclude." *Phillips v. AWH Corp.*, 415 F.3d 1303, 1312 (Fed. Cir. 2005) (*en banc*) (quoting *Innova/Pure Water Inc. v. Safari Water Filtration Sys., Inc.*, 381 F.3d 1111, 1115 (Fed. Cir. 2004)). "[T]he construction of a patent, including terms of art within its claim," is not a question for a jury but "exclusively" for "the court" to determine as a matter of law. *Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 372 (1996). The goal in construing *disputed* claim terms is to arrive at the ordinary and customary meaning of claim terms as would be understood by a hypothetical "person of ordinary skill in the art." *Phillips*, 415 F.3d at 1313. It is not, however, an exercise which the Court must struggle through for no reason other than to create work. *See U.S. Surgical Corp. v. Ethicon, Inc.*, 103 F.3d 1554, 1568 (Fed. Cir. 1997). In other words, a threshold question is whether claim construction is truly necessary, as it "do[es] not hold that the trial judge must repeat or restate every claim term in order to comply with the ruling that claim construction is for the court." *Id*. Rather, "[c]laim construction is a matter of resolution of *disputed* meanings and technical scope … It is not an obligatory exercise in redundancy." *Id*. (emphasis added). A district court need only construe claim terms where there is a *genuine dispute* as to the scope of claim language. *See O2 Micro Int'l, Ltd. v. Beyond Innovation Tech., Ltd.*, 521 F.3d 1351, 1360 (Fed. Cir. 2008) (emphasis added).

In the event that there is any disputed claim term, the disputed claim term is resolved by first considering the "ordinary and customary meaning" of the term, *i.e.*, "the meaning that the term would have to a person of ordinary skill in the art when read in the context of the entire patent." *FenF, LLC v. SmartThingz, Inc.*, 601 F. App'x 950, 952 (Fed. Cir. 2015). Where the

ordinary meaning of a term "is readily apparent even to lay" people, construction involves "little more than the application of the widely accepted meaning of commonly understood words." *Phillips*, 415 F.3d at 1304; *see also CallWave Commc'ns, LLC v. AT&T Mobility, LLC*, No. CV 12-1701-RGA, 2014 WL 7205657, at *1 (noting no or very little construction is necessary where a claim term uses "ordinary English words," which may be given their plain and ordinary meaning); *id.* at *5 (holding no construction necessary because claim terms "ordinary English words"). Assuming there is a disputed term, that term is construed by first examining the intrinsic evidence of record from the perspective person ordinarily skilled in the art. *See Phillips*, 415 F.3d at 1313-1314. "The construction that stays true to the claim language and most naturally aligns with the patent's description of the invention will be, in the end, the correct construction." *Id.* at 1316 (citation omitted).

The "claim construction inquiry [to the extent disputes exist]… begins and ends in all cases with the actual words of the claim." *Renishaw PLC v. Marposs Societa' per Azioni*, 158 F.3d 1243, 1248 (Fed. Cir. 1998). A term's context in the asserted claim can be instructive. *Phillips*, 415 F.3d at 1314. Other asserted or unasserted claims can also aid in determining the claim's meaning, because claim terms are typically used consistently throughout the patent. *Id.* Differences among the claim terms can also assist in understanding a term's meaning. *Id.* For example, when a dependent claim adds a limitation to an independent claim, it is presumed that the independent claim does not include the limitation. Id. at 1314-15.

"[C]laims 'must be read in view of the specification, of which they are a part.'" Id. (quoting *Markman*, 52 F.3d at 979). "[T]he specification 'is always highly relevant to the claim construction analysis. Usually, it is dispositive; it is the single best guide to the meaning of a disputed term."' *Id.* (quoting *Vitronics Corp. v. Conceptronic, Inc.*, 90 F.3d 1576, 1582 (Fed.

Cir. 1996)). But "[i]t is improper to read limitations from a preferred embodiment described in the specification—even if it is the only embodiment—into the claims absent a clear indication in the intrinsic record that the patentee intended the claims to be so limited." *Liebel-Flarsheim Co. v. Medrad, Inc.*, 358 F.3d 898, 913 (Fed. Cir. 2004).

"After consideration of all available intrinsic evidence," and "only if there is still some genuine ambiguity in the claims," should a court "resort to extrinsic evidence." *Shell Glob. Sols. (US) Inc. v. RMS Eng'g, Inc.*, 782 F. Supp. 2d 317, 337 (S.D. Tex. 2011); *see Vitronics Corp.*, 90 F.3d at 1583 ("In most situations, an analysis of the intrinsic evidence alone will resolve any ambiguity in a disputed claim term. In such circumstances, it is improper to rely on extrinsic evidence."). Extrinsic evidence includes, for example, dictionary definitions, and may be used to understand the ordinary meaning of claim terms, the pertinent technical background, and how a person skilled in the art would understand claim language. "While extrinsic evidence 'can shed useful light on the relevant art,' it is less significant than the intrinsic record in determining 'the legally operative meaning of claim language."' Id. (quoting *C.R. Bard, Inc. v. U.S. Surgical Corp.*, 388 F.3d 858, 862 (Fed. Cir. 2004)) (some quotations and citations omitted). Importantly, however, extrinsic evidence may not be used to contradict or override intrinsic evidence, *Vitronics Corp.*, 90 F.3d at 1584, nor must any evidence be considered where there is no dipute as to the meaning of the terms. Again, a court need only construe claim terms where there is a *genuine dispute* as to the scope of claim language. *See O2 Micro Int'l, Ltd.*, 521 F.3d at 1360 (Fed. Cir. 2008) (emphasis added).

### B. **<u>Because No Claim Term Is in Dispute No Claim Construction Is Necessary.</u>**

The parties in the instant action identified a *single* claim term that required construction, that term was "asymmetric transactional session" and that all other "terms of claim 21 are subject to their plain and ordinary meaning," and otherwise not in dispute. That single term is likewise not in dispute and thus there is currently no need for the Court to construe any term. *U.S. Surgical Corp.,* 103 F.3d 1554, 1568 (holding "[c]laim construction is a matter of resolution of *disputed* meanings and technical scope … It is not an obligatory exercise in redundancy." and that a court need not take part in meaningless construction where no dispute exists simply because of the holding in *Markman*).

**C. <u>The Court's Inquiry Should End Here.</u>**

There is no need to delve further into evidence, to hold a hearing, or to take part in unnecessary labor where there is no depute as to the construction of the claim terms. *Id.* If for no other reason than to boost judicial economy, the Court should end its inquiry without going further.

## IV. CONCLUSION

The mandates of the Supreme Court do not require Courts to take part in meaningless busy work, where the parties do not dispute terms, no lengthy construction process is required to fulfill a Court's obligations under Markman.

November 25, 2026

Respectfully submitted,
LAWRENCE LAW FIRM PLLC
<u>/s/Zachary Lawrence</u>
Zachary Lawrence
(NY Bar No.: 5798202)

Lawrence LawFirm PLLC
166 Five Acres Lane
Cold Brook, NY 13324
(202) 468-9486
zach@zlawpllc.com
*Pro hac vice Attorneys*
*Defendant for Peeklogic LLC*

DAVID K. SERGI AND ASSOCIATES, P.C.

By: *<u>/s/ David K. Sergi</u>*
David K. Sergi—Attorney in Charge
State Bar No: 18036000
329 S Guadalupe Street
San Marcos, TX 78666
david@sergilaw.com
Phone: (512) 392-5010
Fax: (512) 392-5042
*Counsel for Defendant*
*Peeklogic LLC*

## CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system for the Western District of Texas and that ECF system will send a Notice of Electronic Filing to the CM/ECF participants in this case on the 25th day of November, 2026.

/s/Zachary Lawrence

Zachary Lawrence
(NY Bar No.: 5798202)
Lawrence LawFirm PLLC
166 Five Acres Lane
Cold Brook, NY 13324
(202) 468-9486
zach@zlawpllc.com
*Pro hac vice Attorneys*
*Defendant for Peeklogic LLC*